UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TIMOTHY ALAN DUNLAP,<br><br>              Petitioner,<br><br>   v.<br><br>TIM RICHARDSON,<br><br>              Respondent. | Case No. 1:94-cv-00142-AKB<br><br>**CAPITAL CASE**<br><br>**INITIAL REVIEW ORDER OF AMENDED PETITION AND ORDER SETTING CASE MANAGEMENT TELECONFERENCE** |

Petitioner Timothy Alan Dunlap, an Idaho prisoner under a sentence of death, has filed an Amended Petition for Writ of Habeas Corpus. (*See* Dkt. 186). The Court now reviews the Amended Petition to determine whether it is properly before the Court. *See* D. Idaho Loc. Civ. R. 9.2(c).

**1.    Background**

In 1991, in Caribou County Court, Dunlap pleaded guilty to first-degree murder. Dunlap was sentenced to death. Following a concession of error by the State, Dunlap was resentenced to death in 2006. Since then, Dunlap has been challenging his conviction and sentence in various state post-conviction proceedings.

The initial petition in this case was filed in April 1997. (*See* Dkt. 25). The case was previously stayed while Dunlap exhausted claims in state court and has since been reopened. (*See* Dkts. 72, 77, 184). Dunlap filed his Amended Petition on September 25, 2023. (Dkt. 186).

**2.      Discussion**

Federal courts may issue writs of habeas corpus within their respective jurisdictions. 28 U.S.C. § 2241(a). Habeas corpus relief is available to prisoners who are held in custody under a state court judgment that violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a).

Habeas relief generally may not be granted on a claim if the petitioner did not properly exhaust the claim in state court. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Two exceptions to this requirement exist: (1) where a petitioner establishes cause and prejudice to excuse the default; or (2) where a petitioner establishes that he is actually innocent. *Schlup v. Delo*, 513 U.S. 298, 329 (1995); *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

The Amended Petition asserts colorable constitutional claims. The Court does not have the full record before it to determine whether Dunlap has properly exhausted his claims. Accordingly, Dunlap may proceed on the Amended Petition to the extent that the claims (1) are cognizable in a federal habeas corpus action, (2) were timely filed in this Court, and (3) were either properly exhausted in state court or are subject to a legal excuse for any failure to exhaust in a proper manner.

The Court will order an initial case management teleconference, in which the parties should be prepared to discuss the following issues:

> (A) Whether the properly-exhausted claims on the merits should be decided first;
>
> (B) Whether certain procedural defenses should be heard via a pre-answer motion;
>
> (C) Whether discovery on procedural issues is warranted;

(D) Whether the entire case should be stayed pending ongoing state proceedings; and

(E) Whether the petitioner should be required to proceed on the properly-exhausted claims while exhausting other claims in state court.

D. Idaho Loc. Civ. R. 9.2(e)(3).

## ORDER

**IT IS ORDERED:**

1. Dunlap may proceed on the Amended Petition at this time.

2. The Court will hold an initial case management teleconference on **January 25, 2024, at 9:30 a.m.** The State will place the call to (208)-334-9205 with opposing counsel on the line.

DATED: January 23, 2024

_____
Amanda K. Brailsford
U.S. District Court Judge